IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THOMAS CERAUL, | |
|---|---|
| *Petitioner,* | CIVIL ACTION |
| v. | NO. 17-3486 |
| ROBERT GILMORE, *et al.*, | |
| *Respondents.* | |

**PAPPERT, J.**                                                                               August 1, 2018

## **MEMORANDUM**

On July 29, 2017, Thomas Ceraul filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.) On March 23, 2018, Magistrate Judge Marilyn Heffley issued a Report and Recommendation ("R&R") recommending that the petition be denied (ECF No. 11). Ceraul objected to the R&R (ECF No. 16). After thoroughly reviewing the record, Magistrate Judge Heffley's R&R and Ceraul's objections, the Court overrules various objections and adopts the R&R with respect to the issues it addresses. The Court refers the case to Judge Heffley for a Report and Recommendation on the remaining issues outlined below.

I

A

The Court reviews *de novo* the specific portions of the R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); *see also Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). For the portions of the R&R to which no objections are made, the Court reviews

the R&R for clear error.[1] *Harris v. Mahally*, No. 14-2879, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016). The Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B

The relevant facts are set forth in Judge Heffley's R&R and need not be repeated here other than that Ceraul was convicted of several counts of statutory sexual assault and involuntary deviate sexual intercourse (as well as other charges) and sentenced to 586 to 1,992 months in prison for engaging in intercourse with J.S., a minor, on four separate occasions. (*See* Opinion at 1, *Commonwealth v. Ceraul*, No. CP-48-CR-2630-2012 (Northampton Cty. Ct. Com. Pl. Mar. 28, 2016); Opinion at 1 – 3, *Commonwealth v. Ceraul*, No. 1642 EDA 2016 (Pa. Super. Ct. Dec. 16, 2016).) Ceraul lodges a number of objections to the recitation of the facts of his underlying criminal conduct, all of which the Court reviewed *de novo* and overrules in light of the trial record.[2]

---

[1] For the portions of the R&R to which Ceraul has not objected, no clear error appears on the face of the record and Judge Heffley's R&R is accordingly accepted.

[2] *See* Feb. 5, 2013 Trial Tr. at 7, 9, ECF No. 10 (J.S. met Ceraul and his son through an online chat room); *id*. at 18 (Ceraul gave J.S. a Coors Light to drink); *id*. at 19–22 (Ceraul bound J.S.'s hands and feet and had vaginal and anal sex with her); *id*. at 22 – 23 (Ceraul hit J.S. in the arms); *id*. at 24 (Ceraul grabbed J.S.'s head, opened her mouth and forced her to perform oral sex); *id*. at 34 (Ceraul had vaginal, anal and oral sex with J.S. on a second occasion); *id*. at 46 – 47 (Ceraul had vaginal, anal and oral sex with J.S. on a third occasion); *id*. at 47 (Ceraul again forced J.S. to perform oral sex); *id*. at 48 (J.S. saw Ceraul one final time after an 11-day hospital stay following a suicide attempt); Feb. 4, 2013 Trial Tr. at 94 (Petitioner's son Thomas Ceraul Jr. testified that he and his father picked up J.S. on at least three occasions and that his dad told him he "fucked that bitch."); *id*. at 121–22 (Investigating officer John Hoadly testified that Ceraul confessed to engaging in sexual intercourse with J.S. on at least three occasions and that J.S. asked to be "fucked in the ass" and tied up).

Ceraul's petition advances two grounds for relief. (*See* Pet. at 5, 7.) Ceraul asserts that his trial counsel was ineffective because he failed to impeach J.S. (1) by producing prison records showing that he was incarcerated during the timeframe J.S. stated the assaults occurred and (2) by questioning her about allegations she made against other men for similar conduct during the same time period. (Pet. at 5, 7.) Ceraul contends that such questioning would have raised doubts about J.S.'s "credibility and truthfulness." (Pet. at 7.)

II

To prevail on an ineffective assistance of counsel claim, not only does the petitioner have to show that counsel's performance was deficient, but also "that the deficient performance prejudiced the defense," which requires showing "that counsel's errors were so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To make this showing, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" *id.*, and "[t]he likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

A

Judge Heffley addressed whether Ceraul's counsel was ineffective for failing to impeach J.S. with evidence that Ceraul was incarcerated during the timeframe that the victim alleged the assaults occurred. (R&R at 6.) In so doing, she discussed the PCRA and Pennsylvania Superior Court opinions which analyzed Ceraul's argument that trial

3

counsel was ineffective for failing to impeach J.S. with evidence of her prior inconsistent statements about the date of the first assault. (*See* Opinion at 4, *Commonwealth v. Ceraul*, No. CP-48-CR-2630-2012 (Northampton Cty. Ct. Com. Pl. Mar. 28, 2016) ("Defendant first contends that Attorney Goodrich was ineffective in his cross-examination of the victim in this matter, J.S., because he 'never attempted to impeach J.S. with the discrepancy between the dates of offenses she testified to at trial and the dates of offenses she testified to at the preliminary hearing.'"); Opinion at 5 – 7, *Commonwealth v. Ceraul*, No. 1642 EDA 2016 (Pa. Super. Ct. Dec. 16, 2016).) Although at trial J.S. testified that the first assault occurred at some point between April 2008 and April 2009 (Feb. 5, 2013 Trial Tr. at 55–56),[3] at the preliminary hearing she testified that the first assault occurred between January and April 2009 (Objs. at 3). At trial, Ceraul's counsel presented evidence that Ceraul was incarcerated from December 2008 through February 2010 (Feb. 5, 2013 Trial Tr. at 160) and argued in closing that Ceraul was thus "absolutely unavailable in the most significant way[,]" (Feb. 6, 2013 Trial Tr. at 15–16). However, counsel did not impeach J.S. with her preliminary hearing testimony.

Judge Heffley concluded, and after a *de novo* review the Court agrees, that Ceraul was not prejudiced by this alleged error. At trial, his son Thomas Ceraul Jr. testified that he and his father picked up J.S. on at least three occasions, that J.S. looked disheveled and exhausted after returning from being in the house with his father and that his dad told him he "fucked that bitch." (Feb. 4, 2013 Trial Tr. at 93–94.) Further, the investigating officer John Hoadly testified that Ceraul confessed to

---

[3]    Ceraul objects to Judge Heffley's finding that trial counsel cross-examined J.S. regarding the date of the first sexual assault. (Objs. at 3.) This objection is overruled in light of the trial record. (*See* Feb. 5, 2013 Trial Tr. at 55 – 56.)

engaging in sexual intercourse with J.S. on three occasions and told him that J.S. "actually asked to be fucked in the ass, tied up with computer tape, [and] choked[.]" (*Id*. at 121–22.) In light of this overwhelming evidence of guilt, which corroborated J.S.'s account of events, the supposition that trial counsel should have impeached J.S. on the exact dates of the subject conduct does not raise a substantial likelihood that the jury would have reached a different result.

Ceraul objects to Judge Heffley's R&R stating that she mischaracterized his claims. (Objs. at 1.) Specifically, Ceraul asserts that his current habeas petition is based on trial counsel's alleged failure to present evidence of *additional* periods of incarceration. (Objs. at 3 (arguing that counsel "never checked to see if [he] was incarcerated any more of 2008 or 2010 which [he] was"); Pet. at 5 (failure to use prison documents that were available at the time of trial).) Ceraul's argument thus appears to be that trial counsel was ineffective for failing to investigate and impeach J.S. with further prison records which would have shown that the assaults "could not have occurred." (Pet. at 5.) Judge Heffley can evaluate this particular objection and issue a Report and Recommendation with respect to Ceraul's attempt to raise an ineffective assistance of counsel claim on this distinct basis.

## III

Similarly, Ceraul's objections regarding the second ground of his habeas appeal raise a distinct issue not previously addressed. Ceraul asserts that evidence of J.S's relationships with other men, which the trial court excluded as irrelevant and prohibited by the Rape Shield Law, would have shown that she was actually with other men when she claimed to have been with Ceraul. (Objs. at 5 ("The relevance is you

5

can't be with 2 people at the same time in different places.").) Judge Heffley considered whether, as presented below, counsel was ineffective for not contesting the trial court's ruling that the testimony was irrelevant with respect to whether "J.S. was fabricating her allegations against [Ceraul]." (Opinion at 5, *Commonwealth v. Ceraul*, No. CP-48-CR-2630-2012 (Northampton Cty. Ct. Com. Pl. Mar. 28, 2016).) Judge Heffley did not, however, address whether Ceraul's argument that the testimony was relevant for this separate reason was properly exhausted or had any merit.

An appropriate Order follows.

                                                BY THE COURT:

                                                ***/s/ Gerald J. Pappert***
                                                GERALD J. PAPPERT, J