# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS CERAUL,

          *Petitioner,*

   v.

ROBERT GILMORE, *et. al.*,

          *Respondents.*

CIVIL ACTION
NO. 17-3486

**PAPPERT, J.**                                                    **February 25, 2019**

## MEMORANDUM

     The factual and procedural history of this case has been set forth in full by United States Magistrate Judge Heffley and summarized by the Court in a prior Opinion. *See* (ECF Nos. 11, 18, 21). On August 1, 2018, the Court adopted Judge Heffley's First Report and Recommendation and denied Thomas Ceraul's Petition for a Writ of *Habeas Corpus* with respect to the issues addressed in the R. & R. (ECF Nos. 18, 19.) The Court referred the case back to Judge Heffley for a second report on two issues not taken up in the initial R. & R.: whether counsel was ineffective for failing to (1) present evidence of Ceraul's additional periods of incarceration and (2) argue that evidence of the victim's relationships with other men was relevant to show she was with other men, not Ceraul, at the time Ceraul assaulted her. (*Id.*) The Court also asked Judge Heffley to consider Ceraul's Motion for Appointment of Counsel, which he filed with his objections to the First R. & R. (ECF No. 17.)

On August 27, 2018, Judge Heffley issued her Second R. & R., advising the Court to deny Ceraul's Petition and Motion for Appointment of Counsel.[1] (ECF No. 21). Ceraul raises various objections and again moves for appointment of counsel. (ECF Nos. 28, 29.) He also moves for appointment of a medical expert and investigator. (ECF No. 28.) The Court overrules Ceraul's objections, adopts the Second R. & R. and denies Ceraul's Motions.

## II

The Court reviews *de novo* the specific portions of the R. & R. to which a party timely objects. 28 U.S.C. § 636(b)(1); *see also Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). The Court reviews for clear error the portions of the R. & R. to which no objections are made. *Harris v. Mahally*, 2016 WL 4440337 at *4 (E.D. Pa. Aug. 22, 2016). As a matter of good practice, the Court should "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The Court believes Ceraul raises five objections to the Second R. & R.[2]: (1) ineffective assistance of counsel for failing to argue that "[t]estimony of other men is relevant to show that [the victim] is confused or fabricating her allegations," (Pet.'s Objs. 5); (2) prosecutorial misconduct for objecting to evidence of the victim's similar

---

[1]  Judge Heffley found the claim regarding additional periods of incarceration meritless and the claim regarding the victim's other relationships meritless and unexhausted. (ECF No. 21 at 8–12.)

[2]  As Ceraul is proceeding *pro se*, the Court "must liberally construe his pleadings." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted).

allegations against other men and for allowing the victim to perjure herself, (*id.* at 6–7, 9, 13–14); (3) judicial bias and misconduct, (*id.* at 7, 11); (4) ineffective assistance of counsel for failing to question Ceraul about his hydrocele—a type of swelling in the scrotum—and failing to introduce a picture of his swollen testicle into evidence, (*id.* at 8) and (5) fatal variance, (*id.* at 9–10, 13, 15). He asks the Court to remand the case for an evidentiary hearing. (*Id.* at 15.)

None of these objections, even liberally construed, pertain to Judge Heffley's findings or conclusions in the Second R. & R. Ceraul's first objection is a claim Judge Heffley addressed in the First R. & R and found meritless. *See* (ECF No. 11 at 9–12; ECF No. 18 at 6.) The Court accepted her finding and adopted the R. & R. with respect to that claim. *See* (ECF No. 18 at 1, 6.) His latter four arguments—prosecutorial and judicial misconduct, ineffective assistance of counsel regarding his hydrocele and fatal variance—are claims raised for the first time in the form of objections.[3] The Court accordingly need not address them. *See* Local Rule 72.1(IV)(c)); *Stromberg v. Varano*, 2012 WL 2849266, at *2–3 (E.D. Pa. July 11, 2012) (finding that issues raised for the first time in a *habeas* petitioner's objections to a magistrate judge's report are not properly before the court, and thus should not be considered) (collecting cases and citing Local Rule 72.1(IV)(c)).[4]

---

[3]     Ceraul's Petition advanced only two grounds for relief: ineffective assistance of counsel for failing to impeach the victim by (1) producing prison records to show he was incarcerated at the time of alleged assaults and (2) questioning the victim about her allegations of sexual misconduct against other men. (Pet. 5, 7.)

[4]     When the Court referred this case back to Judge Heffley for a Second R. & R., it reminded Ceraul that "new issues and evidence shall not be raised after the filing of the Report and Recommendation if they could have been presented to the United States Magistrate Judge." (ECF No. 19 at ¶ 3 (citing Local Rule 72.1(IV)(c)).)

As Ceraul does not object to Judge Heffley's findings in the Second R. & R. and no clear error appears on the face of the record, the Second R. & R. is accepted.

III

A *habeas corpus* petitioner has no constitutional right to counsel in federal habeas proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), but the Court may appoint counsel for a financially eligible petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court may consider the complexity of the issues and the petitioner's ability to present his claims. *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d).

In the Second R. & R., Judge Heffley recommends that the Court deny Ceraul's Motion for Appointment of Counsel because his claims for relief have no merit and counsel would thus provide no benefit to Ceraul or the Court. (ECF No. 21 at 13 n.4.) Ceraul has since filed another Motion for Appointment of Counsel, Investigator and Medical Expert. (ECF No. 28.) He argues that if he had a lawyer, investigator and medical expert, he could (1) "prove that [he] had a hydro-seal [sic] (enlarged left testicle the size of a large grapefruit) to confirm that [he] could not perform any sexual acts during the time frame," (*id*. at 2–3); (2) prove he was "on crutches with a medical boot on [his] left foot and leg do [sic] to a dislocated foot with a hole the size of a half dollar," (*id*. at 2); (3) show he was on probation with an ankle monitor in 2008, (*id*. at 2–3) and (4) find more witnesses to testify on his behalf, (*id*.).

Ceraul's claims for relief have no merit. The interests of justice accordingly do not require appointment of counsel for Ceraul, nor do they require appointment of an investigator or medical expert. *See Heard v. Kerestes*, 2015 WL 10568890 at *17 (E.D.

Pa. Nov. 30, 2015), *report and recommendation adopted*, 2016 WL 1241847 (E.D. Pa. Mar. 30, 2016); *United States v. Bullock*, 2015 WL 10937562 at *1 (E.D. Pa. Aug. 12, 2015).

An appropriate Order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.